# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

Wayne Rogers #323651

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it. Do not use **et al.**] You may attach an additional page to add more defendants.

LT. Samuel Quintana; Capt. Perez; C.O. Marcus Harris; In their individual and official Capacities. All Defendants were acting under Color of State law at all times.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Complete every section and **SIGN PAGE 7.**

(rev. 11/7/22)

A. **JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. [X] State, county, or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. [ ] Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

B. **PLAINTIFF (THE PERSON FILING THIS COMPLAINT)**

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: Wayne Rogers
   b. Inmate Number: 323651
   c. Correctional facility: Corrigan Radgowski Corr. Ctr. (CRCC)

2. Indicate whether you are a prisoner or other confined person as follows (check all that apply):

   [ ] Pretrial detainee
   [ ] Civil committed detainee
   [ ] Immigration detainee
   [X] Convicted and sentenced state prisoner
   [ ] Convicted and sentenced federal prisoner
   [ ] Other (explain)_____

2

C. **DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)** Provide items a, b, and c for each defendant. If you are suing more than six defendants, attach additional pages. You may attach an additional page to add more defendants.

1. First Defendant
    a. Full Name: Samuel Quintana
    b. Rank or Title: Lieutenant (LT.)
    c. Workplace: Hartford Corr. Ctr. (HCC)

2. Second Defendant
    a. Full Name: Perez
    b. Rank or Title: Captaine (Capt.)
    c. Workplace: Hartford Corr. Ctr. (HCC)

3. Third Defendant
    a. Full Name: Marcus Harris
    b. Rank or Title: Correctional officer (c/o)
    c. Workplace: Hartford Corr. Ctr. (HCC)

4. Fourth Defendant
    a. Full Name:
    b. Rank or Title:
    c. Workplace:

5. Fifth Defendant
    a. Full Name:
    b. Rank or Title:
    c. Workplace:

3

6. Sixth Defendant

    a. Full Name:

    b. Rank or Title:

    c. Workplace:

**D. REASON FOR COMPLAINT**

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is who did what, when they did it, and how you were harmed.

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe 2, and so on.

**Now briefly describe the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrong actions.**

1. On 11/27/22 Plantiff was returning from Methadone Doseing when Defendants Quintana, and Perez came into the Hall way and started talking down to us saying we were Junkies, at this time myself and defendant Quintana were going back and forth with comments.

2. Defendant Quintana started to get upset at one point and told Plantiff to shut the Fuxx up.

3. When the Plantiff did not comply and kept making jokes about Defendants Quintanas wife and kids He became more upset and said "Ill teach you a lesson".

4. The Plantiff was searched and told the apple, and milk in His possesion was contraban and to relinquish it, when the Plantiff tryed to hand it to the offices conducting the search, the officer said "I dont want that shit!" So The Plantiff started to walk off, and was stopped by Defendent Quintana.

4

Defendant Quintana then said "The Apple Stupid", So the Plantiff dropped it at the Defendants feet, and again attempted to leave, and was again told to come back and now to pick it up. The Plantiff refused, and was taken to RHU.

5. Once in RHU while conducting the strip search the Plantiffs shorts were thrown in a pile to discard, Plantiff asked to put them in his property and was denied, this caused Defendant Quintana to direct Defendant Harris to slam the Plantiff into the wall face first.

6. Defendant Harris asked if He was sure, at which point Defendant Quintana stated Do as your told. And Defendant Harris then slammed my face into the wall and then brought me to the floor totally nude, and kept me there for about a half hour.

7. Plantiff was then housed nude in a cold cell for 48 hours.

8. Defendant Perez failed to stop these violations from happening.

9. Plantiff was assaulted, and forced to sleep in an unsanitary cell for 48 hours totally nude because Defendant Quintana was upset that he had to monitor the methadone doseing line that day.

10. All Defendants Acted under color of State law at all times relevant to this claim.

If you need more space, attach additional pages, but be as brief as possible.

E.   **REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must request a Writ of Habeas Corpus.

1.) Punitative Damages of $150,000 severly and jointly;
2.) Compensatory Damages as the Court Deems Fit;
3.) Nominal Damages as the Court Deems Fit; and
4.) An injunction stopping Defendant Quintanas Actions

5

**F.     DO YOU WISH TO HAVE A JURY TRIAL? YES ☒ NO ☐**

**G.     PLAINTIFF'S CERTIFICATION AND WARNINGS**

**Warning: You must sign this, or your complaint will not be filed.**

By signing this complaint, I certify that I have read the following:

**Before you file your Complaint, contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1.     Failure to use the prison grievance process before suing: If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2.     Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3.     Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you.

4.     Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5.     Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison: If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

6.  Please be advised that you may be denied *in forma pauperis* status if you have filed three of more cases as a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim. The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See Akassy v. Hardy*, 887 F.3d 91, 93 (2d Cir. 2018) ("'the PLRA contains a "three-strikes" rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits,' with an exception provided for a prisoner who is in imminent danger of serious physical injury.") (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice. You will be required to comply with Court rules and procedures, even though you are proceeding without a lawyer. Your best strategy is to call Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Further, by signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at: __New London CT__ on __9/28/23__
          (Location)                     (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff**.